UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA MULLEN,

       Plaintiff,                       CIVIL ACTION NO. 11-10062

       v.                           DISTRICT JUDGE MARK A. GOLDSMITH

BANK OF AMERICA; LASALLE       MAGISTRATE JUDGE MARK A. RANDON
BANK; LASALLE BANK NATIONAL
ASSOCIATION; C-BASS LOAN
MORTGAGE ASSET-BACKED
CERTIFICATES SERIES 2007 SP2;
ABN AMRO MORTGAGE GROUP;
LITTON LOAN SERVICING; C-BASS;
MERRILL LYNCH; GMAC MORTGAGE;
GMAC BANK CORRESPONDENT
FUNDING f/k/a GMAC RESIDENTIAL
FUNDING; WESTWORKS MORTGAGE;
NEW CENTURY MORTGAGE
CORPORATION; CITIMORTGAGE, INC.;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and HOMECOMINGS
FINANCIAL, LLC f/k/a GMAC RESIDENTIAL
FUNDING,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (DKT. NO. 12)**

**I. INTRODUCTION**

    This is a consumer lending action.  Plaintiff Sandra Mullen ("Mullen") challenges

Defendant Bank of America's foreclosure by advertisement of her home in Redford, Michigan

("the Property") and Defendant New Century Mortgages' ("New Century"), failure to provide her

- 1 -

with certain disclosure documents when she originally closed the loan in 2004.  Mullen's *pro se*,

37 count, Complaint[1] also names 14 other corporate entities as defendants, many of which have

no apparent connection to her mortgage.  The Complaint was not filed until January 6, 2011 –

after the statutory redemption period for the Property expired.

      This matter comes before the Court on the motion to dismiss of all of the defendants,

*except* Westworks Mortgage and New Century (which Mullen alleges is no longer in business)

(collectively "Defendants") (Dkt. No. 4).  Judge Mark A. Goldsmith referred the matter to the

undersigned for all pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1). The motion has been

fully briefed (Dkt. Nos. 4, 12, 13), and the Court heard oral argument on October 4, 2011.  For

the reasons indicated below, the undersigned finds that Mullen lacks standing to challenge the

foreclosure of the Property and her claim for deficient or absent disclosures is barred by the

applicable statute of limitations.

      Therefore, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and

Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## II.  BACKGROUND

      Mullen's Complaint alleges that she entered into a mortgage loan transaction with New

Century in March of 2004 (Dkt. No. 1, Compl., ¶ 7).  Mullen obtained a loan in the amount of

$159,700 and, as security for the loan, gave New Century a mortgage on the Property (*id*. at ¶ 6).

The mortgage loan was assigned to LaSalle Bank National Association, as Trustee for the C-Bass

Mortgage Loan Asset-Backed Certificates, Series 2007 – SP2, effective January 1, 2009, and was

---

[1] Although Mullen drafted her own complaint, she has since obtained counsel, who
responded to Defendants' motion and appeared on her behalf at the motion hearing. Mullen's
attorney has not sought leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2).

recorded with the Wayne County Register of Deeds on January 16, 2009 (Dkt. No. 4, Assignment, Ex. 3).

Mullen admits that she owes the debt (Dkt. No. 1, ¶ 156) and that she did not make required payments (*id*. at ¶ 153). The mortgage was foreclosed and Defendant Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-SP2, purchased the property at a June 30, 2010 foreclosure sale (Dkt. No. 4, Sheriff's Deed, Ex. 4). The statutory redemption period expired on December 30, 2010 (*id*.).

Mullen filed this lawsuit one week later, on January 6, 2011 against: Bank of America; LaSalle Bank; LaSalle Bank National Association, Successor Trustee; C-Bass Loan Mortgage Asset-Backed Certificates, Series 2007 SP2; ABN AMRO Mortgage Group ("ABN"); Litton Loan Servicing; C-Bass; Merrill Lynch; GMAC Mortgage ("GMAC"); GMAC Mortgage Correspondent Funding ("GMAC CF"); Citimortgage, Inc.("CMI"); Mortgage Electronic Registration Systems, Inc.; Homecomings Financial, LLC ("Homecomings"); Westworks Mortgage; and New Century. The Complaint generally asserts claims: (1) for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") (Counts 1 through 12, Counts 16 through 18, Counts 21 through 24 and Count 36); (2) for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA") (Counts 13 through 15, and Counts 19 and 20); (3) arising from the securitization of the note and mortgage (Counts 25 through 27, Counts 29 through 31 and Count 34); (4) relating to: standing, lack of evidence that the foreclosing entity is the holder of the note, and  payment (Counts 28, 32 and 33 respectively); for conspiracy (Count 35); and for injunctive relief (Count 37).

The summons associated with Mullen's Complaint expired on May 6, 2011. Mullen did not seek or receive an extension of the summons. Instead, she served Defendants on or about July 5, 2011 – well after the summons had expired.[2]

## II. ANALYSIS

Since Mullen's claims under TILA and RESPA are barred by the statute of limitations and she has no standing to challenge any aspect of the foreclosure, this case should be dismissed with prejudice.

### A. Standard of Review

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp. 1012, 1015–1016 (E.D. Mich. 1995).

A court may consider a document that is not formally incorporated by reference or attached to a complaint if the document(s) is referred to in the complaint and is central to the

---

[2] The undersigned does not reach the issue of whether Mullen's failure to timely serve the Complaint on Defendants should result in the dismissal of her lawsuit because, as discussed below, sufficient alternate reasons exist to dismiss this action.

plaintiff's claim. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The court's consideration of the document(s) does not require conversion of the motion to one for summary judgment. *Id.* In an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents "exchanged between plaintiff...[and her] mortgage lender at the time of the transaction at issue." *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524, at * 1, n. 3 (E.D. Mich. Aug. 31, 2009). A court may also consider "matters of public record" when considering a motion to dismiss under Rule 12(b)(6). *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court may use its discretion in dismissing a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

**B. Defendants' Motion To Dismiss Should Be Granted**

> ***1. Mullen has Failed to Show any Connection Between Several Defendants and her Mortgage***

At the outset, it should be noted that Mullen's Complaint fails to make any connection between her mortgage and Defendants ABN, CMI, GMAC, GMAC CF, Homecomings, MERS,

and Merrill Lynch.  Mullen's response to the instant motion simply ignores this argument raised

by Defendants, and public records related to the loan show that these defendants have no

apparent involvement with the loan, mortgage or foreclosure.  As such, these defendants should

be dismissed for this reason alone.

### 2. Plaintiff's TILA and RESPA Claims Are Time-Barred

Plaintiff's TILA and RESPA claims are each barred by their respective one-year statute of

limitations.  TILA "was enacted promote the informed use of credit by consumers by requiring

meaningful disclosure of credit terms.  *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th

Cir. 1998).  The primary purpose of Congress in adopting TILA was to provide disclosure of

credit terms to consumers.  Pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may

be brought in any United States district court, or in any other court of competent jurisdiction

within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

RESPA requires lenders to disclose all settlement costs, practices and relationships.  The

Act also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party

settlement service agents.  12 U.S.C. § 2607(a).  RESPA claims are also subject to a one-year

statute of limitations, which begins to run "from the date of the occurrence of the violation."

*Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009) (the "occurrence of the

violation" is the date "plaintiffs completed the sale of their home" (the closing date)).

Under certain limited circumstances, the one-year statute of limitations for TILA and

RESPA claims are subject to equitable tolling.  "In order to establish equitable tolling by the

doctrine of fraudulent concealment, [Mullen] must allege and establish that: 1) [Defendant(s)]

concealed the conduct that constitutes the cause of action; 2) [Defendants'] concealment

prevented [Mullen] from discovering the cause of action within the limitations period; and 3) until discovery, [Mullen] exercised due diligence in trying to find out about the cause of action." *Id*. at 422 (citations omitted).

Mullen avers that she closed on the mortgage loan for the Property in February of 2004. This action was not filed until nearly seven years later, on January 2, 2011. Other than to suggest, in a conclusory manner, that she is entitled to relief, Mullen has not alleged any facts to support an equitable tolling of the statute of limitations in this case. As such, equitable tolling is not warranted and Plaintiff's TILA and RESPA claims are barred by their respective one-year statute of limitations period. *See Lancaster v. Countrywide Home Loans*, Inc., No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug.19, 2009) (Cleland, J.) (With respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for Plaintiff's May 2006 loan are barred."); *Keith v. Countrywide Home Loans, Inc.*, No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) (Friedman, J.) ("Plaintiffs' mortgage originated on May 27, 2004 [,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired. As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint.").

In her response to Defendants' motion, Mullen, through counsel, makes a new allegation that she "attempted to rescind the transaction," and that she seeks damages under TILA for wrongful failure to rescind (Dkt. No. 12, pp. 4-5). However, this claim is also time-barred, because the right to rescind provided for in 15 U.S.C. § 1635(f) of TILA expires three years after the consummation of the transaction – in this case February of 2007. *Beach v. Ocwen Federal*

- 7 -

*Bank*, 523 U.S. 410, 412; 118 S.Ct. 1408; 140 L.Ed. 2d 566 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").  While Mullen generally alleges that she had a right to rescind the transaction (Dkt. No. 1, ¶¶ 35, 40), she does not allege that she exercised this right, much less that she did so in a timely manner.  Therefore, Mullen's claims for violation of TILA and RESPA should be dismissed against all defendants with prejudice.

### 3. *Mullen Lacks Standing to Challenge the Property's Foreclosure*

Mullen lacks standing to challenge any aspect of the foreclosure, including chain of title issues relating to securitization of the note and mortgage, because – once the redemption period following foreclosure of a property has expired—the former owner's rights in and title to the property are extinguished.  At that point, the former owner loses standing to assert claims with respect to the property.  Indeed, in *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors: (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption;" and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale.  *Id.* at 185, 4 N.W.2d 514.  The standard under *Piotrowski* has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb.24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated); *see also, e.g., Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec.15, 2010)

(dismissing action for declaratory judgment voiding foreclosure proceedings).  Thus, Mullen does not have standing to bring the claims asserted in this suit.

### 4.  *Mullen's Claims for Conspiracy Should be Dismissed*

"[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate actionable tort." *Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384; 670 N.W.2d 569 (2003) (internal quotations omitted).  Mullen now suggests in a conclusory manner, though not alleged in her Complaint, that the actionable underlying tort is a "fraudulent assignment between New Century and Litton Servicing (Dkt. No. 12, p. 9).  However, as Defendants correctly point out, Mullen "has not pleaded any actionable fraud claim against any of the Defendants, let alone a claim with the requisite particularity under Fed. R. Civ. P. 9. . .[and her] challenge to the foreclosure based on the assignment fails as a matter of law" (Dkt. No. 13, p. 5).  As such, Plaintiff's claim for conspiracy should also be dismissed.

### 5.  *Dismissal Should Apply to All Defendants*

Defendants New Century and Westworks Mortgage did not move to dismiss this action; however, the arguments raised by Defendants apply with equal force to New Century and Westworks.  Mullen has had multiple opportunities to respond to the issues regarding the applicability of the respective statutes of limitations and her lack of standing to challenge any aspect of the foreclosure of the Property.  Under these circumstances, it would be futile and an uneconomical use of judicial resources to conduct further proceedings against these Defendants. *See Monk v. Bailey*, No. 1:08–CV–903, 2010 WL 4962960, at *4 (W.D. Mich. Oct. 28, 2010) report adopted by 2010 WL 4963013 (W.D. Mich. Dec.1, 2010) (dismissing six unserved "Doe"

defendants who allegedly denied plaintiff medical treatment where the plaintiff could not establish exhaustion as to any prison personnel); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery,* 44 F.3d 800, 802–03 (9th Cir.)*, cert. denied,* 516 U.S. 864, 116 S.Ct. 178, 133 L.Ed.2d 117 (1995) (citing*, inter alia, Silverton v. Department of the Treasury,* 644 F.2d 1341, 1345 (9th Cir.1981)). ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues.").

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 7, 2011, by electronic and/or first class U.S. mail.*

*s/Barbara M. Radke*
*Judicial Assistant to*
*Magistrate Judge Mark A. Randon*
*(313) 234-5540*